UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON A. GEBEL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:15 CV 38 RWS |
| | ) | |
| FAY B. OWSLEY, | ) | |
| *Public Administrator*, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Defendant Faye Owsley was appointed by a Missouri State court to be the Limited Guardian and Limited Conservator for Dolores Michael. Plaintiffs Sharon Gebel (Ms. Michael's niece), three of Ms. Michael's step-daughters, and a step-granddaughter filed this complaint against Owsley seeking damages pursuant to 42 U.S.C. § 1983 arising out of Owsley's actions taken as the court appointed guardian and conservator. Owsley has moved to dismiss the complaint because she was not a state actor in her capacity as a guardian and conservator for Dolores Michael. Owsley's motion to dismiss will be granted.

Dolores Michael was more than ninety years old during the events which give rise to this lawsuit. Ms. Michael's health had been deteriorating since 2008. By July 25, 2013, she was residing in an assisted living facility in Hermann, Missouri.

Starting in August 2013, a dispute arose among Ms. Michael's family members regarding where Ms. Michael should live, her healthcare, and control of her finances.

Plaintiff Gebel and two of Ms. Michael's other step-daughters, Patricia Bommarito and Geraldine Little, were uniquely confrontational about Ms. Michael's care. On August 28, 2013, Bommarito and Little filed a petition for Appointment of Limited Guardian and Limited Conservator to be appointed the guardians of Ms. Michael. On December 17, 2013, Gebel and her husband filed a competing petition for Appointment of Limited Guardian and Limited Conservator to be appointed the guardians of Ms. Michael. On January 22, 2014, to resolve the competing petitions for guardianship, Ms. Michael and Gebel agreed with Bommarito and Little to an entry of a judgment of Partial Incapacity and Partial Disability and agreed to the appointment of Defendant Fay B. Owsley as the Limited Guardian and Limited Conservator for Ms. Michael, for the limited purpose of signing checks over $100. On February 10, 2014, by agreement of all parties, the limitation regarding checks was eliminated and Defendant Owsley was appointed the Limited Guardian and Limited Conservator for Ms. Michael.

Plaintiffs allege in their complaint that, shortly after her appointment in February 2014, Owsley began abusing her position as Ms. Michael's guardian by,

among other actions, restricting Plaintiffs' access to Ms. Michael. On January 12, 2015, Ms. Michael died.

In their complaint, Plaintiffs seek relief against Owsley pursuant to 42 U.S.C. § 1983 based on alleged violations of their "liberty rights to privacy, family integrity and to maintain familial bonds" under 9th and 14th Amendments of the United States Constitution. Plaintiffs assert a second count alleging similar claims under the State of Missouri Constitution. Defendant Owsley has filed a motion to dismiss Plaintiffs' § 1983 claim because Owsley was not a state actor in her position as Ms. Michael's guardian and conservator.

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level. <u>Id.</u> at 555.

*Defendant Owsley not a state actor*

Defendant Owsley holds the office of Public Administrator of Gasconade County, Missouri. Under Missouri state law, one of a public administrator's duties is to take into her charge the "person and estate of all disabled or incapacitated persons in his or her county who have no legal guardian or conservator, and no one competent to take charge of such estate, or to act as such guardian or conservator, can be found, or is known to the court having jurisdiction, who will qualify;" R.S.Mo. § 473.743(8). Defendant Owsley was appointed guardian and conservator of Ms. Michael by the Circuit Court of Gasconade County, Missouri, Probate Division. The complaint does not make any allegation that Owsley was appointed in her capacity as Gasconade County's Public Administrator. Instead, the complaint clearly states that Owsley was appointed as a compromise between Gebel and her husband and Bommarito and Little who were vying for their own appointment as guardians. As a matter of law, Owsely could not have been appointed guardian in her official capacity as Public Administrator because the requirements of § 473.743(8) were not met. Gebel and her husband and Bommarito and Little were all competent to be Ms. Michael's guardian. They all applied to be appointed as guardian. The probate court in this case could have appointed any of these parties to be Ms. Michael's guardian. It is not uncommon for probate courts

4

to rule on competing petitions for guardianship appointments. The appointment of Owsley does not arise from the application of § 473.743(8) but rather from an agreement between competing parties who were otherwise, competent, available, and willing to be appointed guardian.

I find that the facts as asserted in the complaint clearly establish that Owsley's appointment was not made in her capacity as Public Administrator. As a result, any actions she took as the guardian were not actions in her capacity as a state actor. See Hoyt v. St. Mary's Rehabilitation Center, 711 F.2d 864, 866-867 (8th Cir. 1983) (no state action by guardians in their guardianship of a woman residing in a rehabilitation center). Because the actions of Owsley at issue in this case were not made as a state actor, Plaintiffs fail to state a claim against her under 42 U.S.C. § 1983. Carlson v. Roetzel & Andress, 552 F.3d 648, 650 (8th Cir. 2008) (only state actors can be liable under section 1983).

*Plaintiffs' remedies in state court*

As discussed above, the claims in Plaintiffs' complaint arise out of the actions Owsley took in her capacity as the court appointed guardian of Ms. Michael. Owsley was acting pursuant to the authority she was granted in orders issued from the probate division the Circuit Court of Gasconade County. The relief Plaintiffs seeks in the present lawsuit requires this Court to construe the orders of the probate

court regarding Owsley's authority in her role as guardian. Plaintiffs could have and should have raised their concerns about Owsley's actions with that court. The probate court's orders cannot be collaterally attacked in this proceeding. Any challenge to the probate court's orders must be presented to that court or challenged on appeal in state court.

Plaintiffs argue in their opposition brief that they did not have standing to challenge the orders of the probate court in the state courts. In support of that proposition, Plaintiffs point out that Missouri's probate code only allows "interested parties" to appeal final orders or judgments of a probate court. See § 472.160.1(14) R.S.Mo. Plaintiffs argue that they were not interested parties because they had no financial interest in the estate of Ms. Michael. This position is contradicted by Plaintiffs' own opposition brief. They assert that their complaint seeks a judgment for any assets that Owsley misappropriated which Plaintiffs would have inherited from the estate of Ms. Michaels. As heirs and/or devisees of Ms. Michael's estate, Plaintiffs had a financial interest in the estate and standing to challenge the orders of the probate court. See In re Estate of Juppier, 81 S.W.3d 699, 701 (Mo. Ct. App. 2002) (noting that interested persons include heirs and devisees under § 472,101(15) R.S.Mo.). As a result, Plaintiffs claims are subject to the orders of the probate court and their complaint in this Court will be dismissed.

*Conclusion*

As grounds for dismissing this case, I find that Plaintiffs have failed to state a claim under 42 U.S.C. § 1983 and therefore, Plaintiffs fail to invoke this Court's federal question subject matter jurisdiction. I decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. See 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Fay Owsley's motion to dismiss [10] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2015.